UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GS HOLISTIC LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>IMAM CORPORATION, INC., et al.,<br><br>                    Defendants. | CASE NO. C23-0315JLR<br><br>ORDER TO SHOW CAUSE |

Before the court is Plaintiff GS Holistic, LLC's ("GS Holistic") motion for default against Defendants Imam Corporation, Inc. ("Imam") and Ayaz Ahmed. (Mot. (Dkt. # 14).) GS Holistic states that (1) it served a copy of the summons and complaint on Mr. Ahmed on May 9, 2023 "via substitute service" on a "manager/clerk" at Imam's business location (*id.* ¶ 2; 5/17/23 Aff. (Dkt. # 11)); (2) it mailed a copy of the summons and complaint to Mr. Ahmed at Imam's business address on June 8, 2023 (Mot. ¶ 3; 7/18/23 Aff. (Dkt. # 13); *see* Compl. (Dkt. # 1) ¶ 6 (stating Imam's business address)); and

ORDER - 1

(3) "[f]or substitute service, service is deemed complete on the tenth day after mailing the complaint and summons" (Mot. ¶ 4).  GS Holistic does not cite the statute or rule that authorizes this form of substitute service.  (*Id.*)

The court is unaware of any provision of Washington law or the Federal Rules of Civil Procedure that allows substitute service of process on an individual defendant by leaving a copy of the summons and complaint with an employee of the individual's business and subsequently mailing the summons and complaint to the individual defendant's business address.  *See* Fed. R. Civ. P. 4; Wash. Civ. R. 4(d) (citing statutes authorizing methods of service under Washington state law).  To the extent GS Holistic purports to rely on RCW 4.28.080(17), that statute provides for service, "where the person cannot with reasonable diligence be served,"

> [b]y leaving a copy at his or her usual mailing address with a person of suitable age and discretion who is a resident, proprietor, or agent thereof; and by thereafter mailing a copy by first-class mail . . . to the person to be served at his or her usual mailing address.  For the purposes of this subsection, "usual mailing address" does not include . . . the person's place of employment.

RCW 4.28.080(17).  GS Holistic has not demonstrated that it exercised "reasonable diligence" in attempting to personally serve Mr. Ahmed or that Imam's business address is Mr. Ahmed's "usual mailing address."  (*See generally* Mot.)  Accordingly, the court ORDERS GS Holistic to show cause, by no later than **August 30, 2023**, why the court should not deny its motion for default (Dkt. # 14) for failure to show that it properly

//

//

1  served Mr. Ahmed.  Failure to timely respond to this order will result in denial of the
2  motion for default.
3       Dated this 23rd day of August, 2023.

                            JAMES L. ROBART
                            United States District Judge

ORDER - 3